Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
Stephen Stanwood (CA Bar No. 316661)
Email: stephen@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150
Fax: 650.362.4151

*Counsel for Plaintiffs and Counter-Defendants
MagTarget, LLC and Jean-Michel Thiers
and Third-Party Defendant May Chen*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGTARGET, LLC, a California limited liability company, and Jean-Michel Thiers,<br><br>        Plaintiffs and<br>        Counter-Defendants,<br><br>vs.<br><br>DARRELL SALDANA,<br><br>        Defendant and<br>        Counter-Claimant.<br><br>DARRELL SALDANA,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>MAY CHEN,<br><br>        Third-Party Defendant. | Case No. 3:18-cv-03527-JST<br><br>**ANSWER OF PLAINTIFF MAGTARGET, LLC, PLAINTIFF JEAN-MICHEL THIERS, AND THIRD-PARTY DEFENDANT MAY CHEN TO COUNTERCLAIMS OF DEFENDANT DARRELL SALDANA**<br><br>Judge: Hon. Jon S. Tigar<br>Action Filed: June 13, 2018 |

Plaintiff MagTarget, LLC, Plaintiff Jean-Michel Thiers, and Third-Party Defendant May Chen (collectively "MagTarget"), through their counsel of record, answer the counterclaims of Defendant Darrell Saldana ("Mr. Saldana") as follows:

# ANSWER

1. MagTarget denies Mr. Saldana's allegations in ¶ 1.

2. MagTarget denies Mr. Saldana's allegations in ¶ 2.

3. MagTarget admits that Mr. Saldana is not listed as an inventor on U.S. Patent No. 9,019,698 or U.S. Patent No. 9,848,071. MagTarget denies any and all other allegations in ¶ 3.

4. Upon information and belief, MagTarget admits Mr. Saldana's allegations in ¶ 4.

5. MagTarget admits Mr. Saldana's allegations in ¶ 5.

6. MagTarget states that Mr. Saldana's statement that "[Jean-Michel] Thiers is also a principal of MagTarget." is a legal conclusion to which no response is required. To the extent that a response is required, MagTarget denies that allegation. MagTarget denies any and all other allegations in ¶ 6.

7. MagTarget admits Mr. Saldana's allegations in ¶ 7.

8. MagTarget states that Mr. Saldana's allegations in ¶ 8 are a legal conclusion to which no response is required. To the extent that a response is required, MagTarget denies the allegations.

9. MagTarget denies Mr. Saldana's allegations in ¶ 9.

10. MagTarget deny Mr. Saldana's allegations in ¶ 10.

11. MagTarget admit Mr. Saldana's allegations in ¶ 11.

12. MagTarget admit Mr. Saldana's allegations in ¶ 12.

13. MagTarget admits that Saldana attended some trade shows. MagTarget denies any and all other allegations in ¶ 13.

14. MagTarget denies Mr. Saldana's allegations in ¶ 14.

15. MagTarget denies Mr. Saldana's allegations in ¶ 15.

16. MagTarget denies Mr. Saldana's allegations in ¶ 16.

17. MagTarget denies Mr. Saldana's allegations in ¶ 17.

18. MagTarget denies Mr. Saldana's allegations in ¶ 18.

19. MagTarget denies Mr. Saldana's allegations in ¶ 19.

20. MagTarget denies Mr. Saldana's allegations in ¶ 20.

21. MagTarget denies Mr. Saldana's allegations in ¶ 21.

22. MagTarget denies Mr. Saldana's allegations in ¶ 22.

23. MagTarget denies Mr. Saldana's allegations in ¶ 23.

24. MagTarget denies Mr. Saldana's allegations in ¶ 24.

25. MagTarget denies Mr. Saldana's allegations in ¶ 25.

26. MagTarget denies Mr. Saldana's allegations in ¶ 26.

27. MagTarget denies Mr. Saldana's allegations in ¶ 27.

28. MagTarget denies Mr. Saldana's allegations in ¶ 28.

29. MagTarget denies Mr. Saldana's allegations in ¶ 29.

30. MagTarget denies Mr. Saldana's allegations in ¶ 30.

31. MagTarget admits Mr. Saldana's allegations in ¶ 31.

32. MagTarget admit Mr. Saldana's allegations in ¶ 32.

33. MagTarget denies Mr. Saldana's allegations in ¶ 33.

34. MagTarget states that Mr. Saldana's allegations in ¶¶ 34-60 are a legal conclusion to which no response is required. To the extent that a response is required, MagTarget denies the allegations.

35. MagTarget states that Mr. Saldana's allegations in ¶ 61 are a legal conclusion to which no response is required. To the extent that a response is required, MagTarget denies the allegations.

36. MagTarget denies Mr. Saldana's allegations in ¶ 62.

37. MagTarget states that Mr. Saldana's allegations in ¶ 63 are a legal conclusion to which no response is required. To the extent that a response is required, MagTarget denies the allegations.

38. MagTarget states that Mr. Saldana's allegations in ¶ 64 are a legal conclusion to which no response is required. To the extent that a response is required, MagTarget denies the allegations.

39. MagTarget denies Mr. Saldana's allegations in ¶ 65.

40. MagTarget denies Mr. Saldana's allegations in ¶ 66.

41. MagTarget denies Mr. Saldana's allegations in ¶ 67.

42. MagTarget denies Mr. Saldana's allegations in ¶ 68.

43. MagTarget denies Mr. Saldana's allegations in ¶ 69.

44. MagTarget states that Mr. Saldana's allegations in ¶ 70 are a legal conclusion to which no response is required. To the extent that a response is required, MagTarget denies the allegations.

To the extent that any of Mr. Saldana's statements in its prayer for relief are construed as additional allegations, MagTarget denies those allegations.

## **AFFIRMATIVE DEFENSES**

MagTarget also asserts the following separate and additional defenses to each of the causes of action in Mr. Saldana's counterclaims and third-party complaint:

**1.     Failure to State a Claim**: Mr. Saldana fails to allege facts sufficient to state a claim upon which relief can be granted.

**2.     Statute of Limitations**: The maintenance of this action is barred to the extent that Mr. Saldana seeks relief for any purported claims that did not accrue within the applicable statutes of limitations periods.

**3.     Failure to Mitigate**: Mr. Saldana is not entitled to recover for his damages, if any, to the extent that he has failed to mitigate or reasonably attempt to mitigate such damages as required by law.

**4.     Waiver**: Mr. Saldana's claims are barred in whole or in part to the extent that Mr. Saldana prevented MagTarget from performing in any way, and released MagTarget from any duty or

liability to Mr. Saldana. Should any breach of duty have occurred on the part of MagTarget, said breach was waived by the conduct and actions of Mr. Saldana.

5. **Estoppel**: Mr. Saldana is estopped from recovery by virtue of acts of directing, ordering, approving, or ratifying the matters complained of in its claims. Mr. Saldana's claims are also barred in whole or in part to the extent that Mr. Saldana is estopped from asserting any claim against MagTarget by his own acts and omissions with respect to the events cited in Mr. Saldana's claims and his failure to adequately protect his own interests.

6. **Laches**: Mr. Saldana's recovery is barred because Mr. Saldana unreasonably delayed in providing notice and in commencing and prosecuting this action which caused unfair prejudice to MagTarget.

7. **Unclean Hands**: Mr. Saldana's claims are barred by reason of his own unclean hands with regard to the matters alleged in Mr. Saldana's claims.

8. **Discharge**: Mr. Saldana's claims are barred to the extent that Mr. Saldana has released and discharged MagTarget from any liability.

9. **Lack of Consideration**: Mr. Saldana's claims are barred to the extent that any alleged contract was executed without consideration.

10. **Unjust Enrichment**: Mr. Saldana's recovery is barred to the extent that such recovery would cause Mr. Saldana to be unjustly enriched.

11. **Improper Notice of Breach**: Mr. Saldana's recovery is barred by reason of its failure to provide proper notice to MagTarget, depriving MagTarget sufficient opportunity to remedy the breach.

12. **Parol Evidence Rule**: Mr. Saldana's recovery is barred to the extent that its claims rely on evidence barred by the parol evidence rule.

13. **Disclaimer of Implied Warranties**: Mr. Saldana's recovery is barred to the extent that MagTarget disclaimed all implied warranties associated with any alleged sale of property in the pleadings.

5
ANSWER OF MAGTARGET, LLC, JEAN-MICHEL THIERS, AND MAY CHEN
TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINT OF DARRELL SALDANA
Case No. 3:18-cv-03527-JST

14. **Mr. Saldana's Comparative Fault**: Mr. Saldana's recovery should be reduced, be abated, or eliminated to the extent that Mr. Saldana's own fault caused or contributed to any damages to Mr. Saldana. In the event Mr. Saldana has suffered any damages as a result of anything related to the allegations in Mr. Saldana's claims, such damages are, in whole or in part, the proximate result of the Mr. Saldana's own negligence and its recovery, if any, should be reduced proportionately to its comparative fault.

15. **Intervening and Superseding Causes**: Mr. Saldana's claims fail to the extent that the cited damages were the result of intervening and superseding causes.

16. **Mr. Saldana's Failure to Perform**: Mr. Saldana's recovery is barred to the extent that Mr. Saldana failed to meet and perform all necessary covenants, conditions and promises it was required to perform in accordance with the terms and conditions of any alleged written, oral, or implied warranty.

17. **Uniform Commercial Code**: Mr. Saldana's recovery is barred to the extent that Mr. Saldana's causes of action are barred by the applicable statute of limitations, including, but not limited to Uniform Commercial Code §§ 2607(3)(a) and 2725.

18. **Attorney's Fees**: Mr. Saldana's recovery is barred to the extent that attorney's fees are not allowable in this action as a matter of law.

19. **Corporate Veil**: Mr. Saldana's recovery against May Chen and Jean-Michel Thiers as individuals is barred to the extent that he fails to plead facts showing that alter ego liability should be imposed in this case.

### PRAYER FOR RELIEF

MagTarget therefore prays that:

A. Mr. Saldana takes nothing by way of its claims;

B. MagTarget has judgment for its costs and attorney's fees; and

C. MagTarget be awarded other relief as the Court deems proper.

6

ANSWER OF MAGTARGET, LLC, JEAN-MICHEL THIERS, AND MAY CHEN
TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINT OF DARRELL SALDANA
Case No. 3:18-cv-03527-JST

| | |
|---|---|
| Dated: October 16, 2018 | Respectfully submitted, |
| | /s/ Mark Punzalan |
| | Mark Punzalan |
| | CHAN PUNZALAN LLP |
| | |
| | *Counsel for Plaintiffs and Counter-Defendants MagTarget, LLC and Jean-Michel Thiers and Third-Party Defendant May Chen* |

ANSWER OF MAGTARGET, LLC, JEAN-MICHEL THIERS, AND MAY CHEN
TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINT OF DARRELL SALDANA
Case No. 3:18-cv-03527-JST