UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGTARGET LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DARRELL SALDANA,<br><br>Defendant. | Case No. 18-cv-03527-JST<br><br>**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER AND LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: ECF No. 57 |

Before the Court is Plaintiffs and Counter-Defendants MagTarget LLC's and Jean-Michel Thiers' motion to modify the scheduling order and for leave to file an amended complaint. ECF No. 57. The Court will grant the motion.

## I. BACKGROUND

Plaintiffs brought this declaratory judgment action against Defendant and Counter-Claimant Darrell Saldana to resolve questions of Saldana's equity ownership in MagTarget and Saldana's inventorship role in MagTarget's patents, some of which are pending applications. ECF No. 1. On June 13, 2018, Plaintiffs filed a complaint, requesting a declaration that (1) Thiers is the sole inventor of the patents; and (2) Plaintiffs did not breach 2014 and 2016 contracts with Saldana and, relatedly, Saldana is not entitled to an equity stake in MagTarget or additional compensation under the contracts. *Id.* at 10.

Saldana answered the complaint on September 19, 2018, asserting counterclaims against Plaintiffs and a third-party complaint against May Chen. ECF No. 20 at 13. Saldana alleged claims for (1) breach of contract; (2) negligent misrepresentation; (3) fraud; (4) breach of fiduciary duty; (5) violation of California's Unfair Competition Law; and (6) declaratory relief. *Id.* at 18-23. Saldana amended his pleading on September 28, 2018, to add a claim for failure to pay wages.

ECF No. 25 at 24-25.

On October 16, 2018, Plaintiffs and Chen filed a motion to dismiss, arguing that Thiers and Chen were not individually liable. ECF No. 30. The next day, on October 17, 2018, the Court issued a scheduling order setting a November 7, 2018 deadline to add parties or amend pleadings. ECF No. 35.[1] In anticipation of further amendment from Saldana, Plaintiffs withdrew their motion to dismiss. ECF No. 40. On November 6, 2018, Saldana filed a timely amendment to his answer and counterclaim. ECF No. 44.

On February 7, 2019, three months after the deadline had passed, Plaintiffs filed this motion seeking to file an amended complaint. ECF No. 57.

## II. LEGAL STANDARD

Requests to modify a scheduling order made after the Court has set a timetable for amending the pleadings are governed by Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) requires "good cause" and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). As Plaintiffs acknowledge, the Court considers the diligence of the parties in deciding such a motion. *Coleman*, 232 F.3d at 1294; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citation omitted).

If the moving party demonstrates good cause to modify the scheduling order, the Court must then determine whether to grant leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2). *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017). Rule 15(a)(2) instructs that a "court should

---

[1] The Court issued a supplementary scheduling order on November 8, 2018, with the same deadline to add parties or amend the pleadings. ECF No. 45.

2

freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## III. DISCUSSION

Plaintiffs seek to amend their complaint to assert three new claims: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) intentional misrepresentation. ECF No. 57 at 2.

### A. Rule 16

Plaintiffs argue that they satisfy Rule 16's good cause standard because they "did not become aware of facts giving rise to new claims against Mr. Saldana until after the scheduling order had been issued." ECF No. 57 at 5. In particular, Plaintiffs contend that documents produced to them in discovery in December 2018 demonstrate that Saldana did not work full time for MagTarget, as evidenced by Saldana's alleged failure to send any work-related emails to potential clients for a 249-day period in 2015 and 2016. *Id.* Plaintiffs reason that they could not otherwise have known about this gap because Saldana worked remotely. *Id.* Plaintiffs also argue that they did not discover Saldana's misrepresentations regarding his prior sales experience until after the scheduling order's deadline passed. *Id.*

Though the parties dispute whether Plaintiffs had access to Saldana's emails prior to discovery, ECF No. 62 at 6-7, the Court agrees with Plaintiffs that the mere fact that the emails were sent to or from Saldana's MagTarget corporate account does not, by itself, demonstrate that Plaintiffs had access, ECF No. 63 at 4. Furthermore, having reviewed the parties' submissions, the Court is satisfied that Plaintiffs acted diligently in requesting those documents and promptly

3

reviewing them once they were received. Once Plaintiffs determined that their review supported additional claims, they acted diligently in seeking a stipulation from Saldana's counsel on January 29, 2018, and filing this motion ten days later when they received no response. ECF No. 58 ¶ 5.

As for the allegations that Saldana misrepresented his sales background, Saldana does not contend that these new allegations are based on previously available documents, or otherwise argue that Plaintiffs knew or should have known the basis for this claim before the deadline to amend. *Cf.* ECF No. 62 at 6-7.

Nor has Saldana identified sufficient prejudice to negate a finding of good cause, as explained further below. *Cf. Johnson*, 975 F.2d at 609 (explaining that prejudice may "supply additional reasons to deny a motion" to modify the scheduling order).

Accordingly, the Court finds that Plaintiffs have shown good cause to modify the scheduling order.

### B. Rule 15

The *Foman* factors likewise weigh in favor of granting Plaintiffs leave to file their proposed amended complaint. In arguing to the contrary, Saldana primarily relies on futility and prejudice.

First, Saldana argues that amendment would be futile because Plaintiffs' answer to his counter-claims contains a binding judicial admission that Saldana did not breach his contracts. ECF No. 62 at 7 (citing ECF No. 44 ¶¶ 45-47; ECF No. 46 ¶¶ 45-47). This argument lacks merit. "Factual assertions in pleadings and pretrial orders, *unless amended*, are considered judicial admissions conclusively binding on the party who made them." *In re Bakersfield Westar Ambulance, Inc.*, 123 F.3d 1243, 1248 (9th Cir. 1997) (emphasis in original) (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). Saldana cites no authority suggesting that a party cannot seek leave to amend a prior "admission" in its initial pleading where newly discovered facts contradict the basis for its statement.

Alternatively, Saldana argues, Plaintiffs' new claims are deficiently pleaded in the proposed amended complaint. ECF No. 62 at 8-9. But "[u]nder Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

4

afforded an opportunity to test his claim on the merits.'" *Allen v. Bayshore Mall*, No. 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *Foman*, 371 U.S. at 182). For this reason, denial of a motion for leave to amend on the ground of futility "is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Here, without formal briefing on the adequacy of these new claims, the Court is not in a position to determine that they fail as a matter of law. The Court therefore declines to deny leave to amend on that basis.

Second, Saldana asserts that he will be prejudiced by the amendments because the issue whether Saldana breached the contracts would "dramatically expand the scope of the case." ECF No. 62 at 10. As Saldana notes, expert reports are due on April 26, 2019, and both fact and expert discovery close on May 31, 2019. *See* ECF No. 45 at 1. Also, subsequent to the filing of this motion, the parties stipulated to extend those deadlines, ECF No. 71, which request the Court will grant by separate order. Thus, the discovery schedule is already in flux, further weakening Saldana's claim of prejudice.

The "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Yet "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial. Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-32 (N.D. Cal. 1989)).

As an initial matter, the Court is not persuaded that the issue whether Saldana worked full-time, as required by the contracts, significantly expands the contract issues in this case. Nor has Saldana explained what additional discovery he will require or why it cannot be accomplished under the current schedule, let alone shown that "any delays in the case schedule will be

5

substantial or explained how they would be prejudicial." *Wroth v. City of Rohnert Park*, No. 17-cv-05339-JST, 2018 WL 6439120, at *3 (N.D. Cal. Dec. 7, 2018). For instance, although Saldana emphasizes upcoming expert discovery deadlines, he does not say – nor is it obvious to the Court – why expert testimony will be necessary to litigate the issues whether Saldana sent work emails during the disputed time period or misrepresented his sales experience. *See Allen*, 2013 WL 6441504, at *3 ("Defendants do not explain what experts they would retain, explain what discovery Defendants would seek, or identify the testimony they would elicit to respond to a prayer for punitive damages.").

The remaining *Foman* factors further support Plaintiffs' motion. There are no allegations of bad faith on Plaintiffs' part. The most that can be gleaned from Saldana's opposition is a suggestion that Plaintiffs were careless or not diligent in failing to assert these claims earlier. As explained above, the Court disagrees. Similarly, Saldana's argument that the amendments are "untimely" simply recycles his diligence arguments that Plaintiffs previously had access to the basis for the proposed amendments. ECF No. 62 at 9-10. For the same reasons, the Court concludes that Plaintiffs did not unduly delay in seeking leave to amend. Finally, Plaintiffs have not previously amended their complaint. *Cf. In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 739.

The Court therefore concludes that Plaintiffs have satisfied Rule 15(a)(2).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to modify the scheduling order and for leave to file an amended complaint. Plaintiffs shall file their proposed amended complaint, which is attached as Exhibit A to ECF No. 54, within seven days of the date of this order.

By separate order related to the parties' recent request for an extension of the discovery deadlines, ECF No. 71, the Court will be inviting the parties to propose further amendments to the scheduling order, given the effect an extension of the discovery schedule will have on other

deadlines.[2] In responding to that order, the parties should consider what effect, if any, the present order has on the overall case schedule.

**IT IS SO ORDERED.**

Dated: April 29, 2019



JON S. TIGAR
United States District Judge

---

[2] For example, the parties' proposed new discovery cut-off occurs after the deadline for the filing of dispositive motions.